BOGGS, Circuit Judge,
concurring in part and dissenting in part.
This is a difficult and convoluted case, and the court’s opinion generally makes an excellent exegesis of the different statutes and principles involved here. In brief, on the general outline of the facts as presented here, we have a fairly garden-variety police sting operation aimed at public-morals offenses, a tactic that many may find distasteful. In this case, as appropriately discussed at pages 892-93 of the court’s opinion, the plaintiff Alman did, without consent or invitation, touch the officer’s crotch. However, the exact nature and contours of that touching are disputed, as is the import of the plaintiffs immediately subsequent kneeling.
The court’s discussion, which is appropriate and necessary under these circumstances, of the Michigan law on “force” or “surprise” makes a valiant effort, at pages 897-98 to hold that there was no probable cause for an arrest in these circumstances, while not vitiating the applicability of the Michigan CSC4 statute to other cases of what might generally be called “groping.”
*906 In the end, I find this effort successful, with two caveats. First, as the court’s opinion repeatedly emphasizes, we are taking all facts and inferences in the plaintiffs favor, and on further development, either a fact-finder or a fact-based motion for summary judgment may dispose of this suit in favor of defendants. Second, the opinion correctly emphasizes on page 899 that the error here was holding that probable cause “existed as a matter of law,” based only on the admitted fact some degree of genital touching.
However, under these circumstances, I disagree with the court’s opinion as to qualified immunity for Sergeant Swope. His involvement was only to authorize an arrest, based on the facts as reported to him by Officer Reed. Given the intricacy of the court’s analysis (albeit ultimately correct), I cannot agree that we must label Officer Swope as outside the ambit of “reasonably competent police officer” because he made the judgment on the spot, under the circumstances, that there was probable cause.
With that exception, I concur in the judgment of the court.